MASON et al. v. CHICAGO, B. & Q. RY. CO.

(Circuit Court of Appeals, Seventh Circuit. October 9, 1907. Rehearing Denied November 19, 1907.)

No. 1,330.

CORPORATIONS—SALE OF STOCK.

The acceptance by defendant of a written offer by plaintiffs, who were brokers, to sell certain stock and bonds of a railroad company, which offer was expressly stated therein to be made by authority of a third person named who controlled such stock and bonds, did not create a contract of sale between plaintiffs and defendant which would support an action by plaintiffs on defendant's refusal to accept and pay for the securities from them, and its purchase of the same direct from their principal.

In Error to the Circuit Court of the United States for the Eastern Division of the Northern District of Illinois.

Merritt Starr, for plaintiffs in error.
John J. Herrick, for defendant in error.

Before GROSSCUP, BAKER, and SEAMAN, Circuit Judges.

BAKER, Circuit Judge. Plaintiffs in error, plaintiffs below, were defeated by the court's giving a peremptory instruction to the jury to return a verdict for defendant.

The general situation out of which this controversy arose was shown by undisputed evidence to be this: Dunn, at Philadelphia, had in his control, with authority to sell, practically all the stocks and bonds of a small railway in Illinois. Defendant wanted to buy the road. Plaintiffs were brokers at Chicago. After communications between plaintiffs and Dunn, plaintiffs made a proposal to defendant that it should buy the stocks and bonds at certain prices. Defendant accepted, but later refused to have anything further to do with plaintiffs, and purchased the stocks and bonds directly from Dunn.

The declaration consisted of the common and four special counts. It is unnecessary to note the divergences of the special counts. They agreed in the foundational and characteristic averment that the parties had entered into a contract whereby plaintiffs had covenanted to sell to defendant and defendant to buy from plaintiffs the stocks and bonds. The evidence in support of the alleged contractual relation between these parties was in the form of letters. Plaintiffs wrote to defendant:

"We are advised by J. H. Dunn, president of J. & St. L. R. R., that the securities covering the property are as follows * * * and that he has received from the owners of the above securities consents to sell the following * * * which we are authorized to offer on the following terms. * * *"

Defendant answered:

"We will accept the offer of the securities of the J. & St. L. made by you."

Plaintiffs did not offer to sell on their own account. They merely covenanted that they had authority to offer to sell. In our judgment the trial court did not err in holding that this evidence failed to support the above-mentioned averment of the special counts.

The common count for goods sold and delivered is without support in the evidence. There was no express contract of sale by plaintiffs as sellers; and no contract between plaintiffs as sellers and defendant as buyer can be implied from defendant's receipt of the stocks and bonds, for they were taken directly from Dunn, as Dunn's, on Dunn's account, and in pursuance of a separate contract with Dunn.

If anything is owing to plaintiffs for services rendered, they must pursue some one else, for there is no evidence whatever to sustain that count against defendant.

The trial was not stopped at the close of plaintiffs' evidence in chief, and numerous assignments of error are predicated on rulings respecting the admission and exclusion of evidence during defense and rebuttal, and concerning the rejection of proffered instructions. As plaintiffs legally had no standing in court when their declaration was left unproven, the other proceedings are of no concern.

The judgment is affirmed.